# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESHAWN RICO CUNNINGHAM, CDCR #E-94622,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERTS, et al.,<br><br>Defendants. | Civil No. 07-1849 L (CAB)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) AND 1915A(b)** |

**I.  Procedural History**

On September 20, 2007, Plaintiff, a state inmate currently incarcerated at the Ironwood State Prison located in Blythe, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. In his original Complaint, Plaintiff claims that he should not have been classified at a higher level and transferred to High Desert State Prison where he was attacked. Plaintiff later filed a Motion to Proceed *In Forma Pauperis* ("IFP") which the Court granted on April 2, 2008. In addition, the Court conducted a sua sponte screening of Plaintiff's Complaint as required by 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b). After screening Plaintiff's Complaint, the Court found that Plaintiff had failed to state a claim upon which relief could be granted. *See* April 2, 2008 Order at 5. However, Plaintiff was permitted leave to file

an Amended Complaint in order to correct the deficiencies of pleading identified in the Court's Order. *Id.* On May 22, 2008, Plaintiff filed his First Amended Complaint ("FAC").

**II.      Sua Sponte Screening per 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1)**

As the Court previously stated, notwithstanding IFP status or the payment of any partial filing fees, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the sua sponte dismissal of any case it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim).

Before its amendment by the PLRA, former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1130. However, as amended, 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of section 1915 make and rule on its own motion to dismiss before directing the U.S. Marshal to effect service pursuant to FED.R.CIV.P. 4(c)(2). *See Calhoun*, 254 F.3d at 845; *Lopez*, 203 F.3d at 1127; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997) (stating that sua sponte screening pursuant to § 1915 should occur "before service of process is made on the opposing parties").

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"); *Andrews*, 398 F.3d at 1121. In addition, the Court has a duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), which is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a pro se civil rights complaint, however, the

court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### A.   Classification claims

In his First Amended Complaint, the only claims that arise out of the time Plaintiff was incarcerated at Calipatria State Prison are those claims that he was improperly classified and transferred to a higher level security prison. *See* FAC at 5-6.  However, the Court previously informed Plaintiff that his allegation regarding the violation of his due process rights when his classification level was increased, fails to state a claim upon which § 1983 relief can be granted. *See* April 2, 2008 Order at 4 . Plaintiff does not have a constitutional right to be housed at a particular institution or to receive a particular security classification. *Id.* (citing *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Moody v. Daggett*, 429 U.S. 78, 87 n.9 (1976)). Thus, Plaintiff's fourteenth amendment due process claims must, once again, be dismissed for failing to state a claim upon which § 1983 relief may be granted.

### B.   Lack of Proper Venue

All the remaining claims arise from actions which occurred during Plaintiff's incarceration at High Desert State Prison.  Venue may be raised by a court sua sponte where the defendant has not yet filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488; *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district in or division in which it could have been brought." 28 U.S.C. § 1406(a).

Here, all the remaining claims in Plaintiff's First Amended Complaint arise out of events which occurred at High Desert State Prison which is located in Lassen County. Therefore, venue is proper as to all of Plaintiff's remaining claims in the Eastern District of California pursuant to 28 U.S.C. § 84(b), not in the Southern District of California. *See* 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488.

For all the above reasons, the Court finds that Complaint fails to state a section 1983 claim upon which relief may be granted, and is therefore subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b).

### III. Conclusion and Order

Plaintiff's First Amended Complaint is **DISMISSED** for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). Moreover, because the Court finds amendment of Plaintiff's § 1983 claims arising from actions which occurred at Calipatria State Prison would be futile at this time, leave to amend is **DENIED.** *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile); *see also Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has not, and cannot, state a claim containing an arguable basis in law, this action should be dismissed without leave to amend; any amendment would be futile.") (citing *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996)). This dismissal is without prejudice to Plaintiff refiling the claims which arose at High Desert State Prison in the Eastern District of California.

**IT IS SO ORDERED.**

DATED: June 5, 2008

M. James Lorenz
United States District Court Judge